# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RASOOL MCCRIMMON, | : |
| Plaintiff, | : Civ. No. 18-16281 (BRM) (TJB) |
| v. | : |
| STEVE JOHNSON, et al., | : **MEMORANDUM & ORDER** |
| Defendants. | : |

**THIS MATTER** is before the Court on *pro se* Plaintiff Rasool's McCrimmon's filing of a civil rights complaint. Plaintiff is a state prisoner currently incarcerated at the New Jersey State Prison in Trenton, New Jersey. The filing fee for a civil complaint is $400.00. If a prisoner-plaintiff is proceeding *in forma pauperis*, the fee is $350.00, subject to being paid in installments as described below.

A prisoner who seeks to bring a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the applicable filing fee. *See* 28 U.S.C. § 1915(a)(1). The prisoner must also submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. *See id.* § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. *See id.*; *see also* L.Civ.R. 81.2(b) ("Whenever a Federal, State, or local prisoner submits a civil rights complaint . . . the prisoner shall also submit an affidavit setting forth information which establishes that the prisoner is unable to pay the fees and costs of the proceedings and shall further submit a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's

prison account and, (2) the greatest amount on deposit in the prisoner's prison account during the six-month period prior to the date of the certification.").

Even if a prisoner is granted *in forma pauperis* status, he must pay the full amount of the filing fee of $350.00. *See* 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court, payment equal to 20 % of the preceding month's income credited to the prisoner's account. *See id.* § 1915(b)(2). The deductions will continue until the $350.00 filing fee is paid.

Even if the necessary fees are paid and the complaint is accepted for filing, the Court may nevertheless immediately dismiss the case. The Court must review the complaint and dismiss it if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See id.* § 1915(e)(2)(B); *see also id.* § 1915A(b).

If the plaintiff has, on three or more prior occasions while incarcerated, brought an action or appeal in a court that was dismissed on any of the grounds listed above, he cannot bring another action *in forma pauperis* unless he is in imminent danger of serious physical injury. *See id.* § 1915(g).

In this case, plaintiff has not paid the $400.00 filing fee nor has he submitted an application to proceed *in forma pauperis*. In his filing dated November 19, 2018, Plaintiff provides that he will be "sending an affidavit of poverty separately because I have to wait for the prison to sign off on it." (ECF No. 1-1.) The Court has yet to receive these materials. Accordingly, and for good cause appearing,

**IT IS** this 2nd day of January 2019,

**ORDERED** that the Clerk shall **ADMINISTRATIVELY TERMINATE** this case; plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar provided the original complaint was timely; and it is further

**ORDERED** that plaintiff may have the above entitled case reopened, if, within thirty (30) days of the date of the entry of this Order, plaintiff either pre-pays the $400 filing fee **or** submits to the Clerk a complete signed *in forma pauperis* application, including a certified six-month prison account statement and complete affidavit; and it is further

**ORDERED** that upon receipt of a writing from plaintiff stating that he wishes to reopen this case, and either a complete *in forma pauperis* application or filing fee within the time allotted by this Court, the Clerk will be directed to reopen this case; and it is further

**ORDERED** that the Clerk shall serve on plaintiff by regular U.S. mail: (1) this Memorandum & Order; and (2) a blank form application to proceed *in forma pauperis* by a prisoner in a civil rights case.

*/s/Brian R. Martinotti*
**BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**